UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : No. 1:21-CR- 221
:
v. : (Judge Wilson.)
:
JEREMY FALLBECK, :
Defendant :

**FILED
HARRISBURG**

**INDICTMENT**

AUG 0 4 2021

THE GRAND JURY CHARGES:

Per _____
**Deputy Clerk**

**COUNT ONE**

From on or about January 9, 2019, until on or about August 25, 2019, in York County, in the Middle District of Pennsylvania, the defendant,

**JEREMY FALLBECK,**

did use, employ, persuade, induce and entice a person under the age of 18, RDS, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knew and had reason to know that such visual depiction would be transported, and was transported, using any means and facility of interstate and foreign commerce and in and affecting commerce, including by computer and cell phone.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

THE GRAND JURY FURTHER CHARGES:

## COUNT TWO

From on or about January 9, 2019, until on or about August 25, 2019, in York County, in the Middle District of Pennsylvania, the defendant,

**JEREMY FALLBECK,**

did, using a means and facility of interstate and foreign commerce, willfully and knowingly receive visual depictions of a minor, RDS, engaged in sexually explicit conduct that were mailed, shipped and transported, and which contained materials that were mailed, shipped and transported, in interstate commerce, and in and affecting interstate commerce, by means of computer and cell phone, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct.

In violation of Title 18, United States Code, Section 2252(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT THREE

From on or about January 9, 2019, until on or about August 25, 2019, in York County, within the Middle District of Pennsylvania, the defendant,

**JEREMY FALLBECK,**

did knowingly and intentionally use a facility of interstate and foreign commerce, namely the internet and via cell phone, to persuade, induce, and entice an individual who had not attained the age of 18 years, RDS, to engage in any sexual activity for which any person can be charged with a criminal offense (the production of child pornography, a violation of 18 U.S.C. § 2251(a) and (e), and the receipt of child pornography, a violation of 18 U.S.C. 2252(a)(2)).

In violation of Title 18, United States Code, Section 2422(b).

THE GRAND JURY FURTHER CHARGES:

## COUNT FOUR

On or about December 18, 2019, in York County, in the Middle District of Pennsylvania, the defendant,

**JEREMY FALLBECK,**

did knowingly possess one or more matters which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, including by computer or cell phone, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction is of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(4)(B).

THE GRAND JURY FURTHER CHARGES:

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Four of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2253, and Title 18, United States Code, Section 2428.

Upon conviction of any offense in violation of Title 18, United States Code, Section 2251, 2251A, or 2252, and Title 18, United States Code, Section 2422, the defendant,

**JEREMY FALLBECK**,

shall forfeit to the United States:

  a. any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110, pursuant to 18 U.S.C. § 2253(a)(1);

  b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s), pursuant to 18 U.S.C. § 2253(a)(2);

  c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s), or any property traceable to such property, pursuant to 18 U.S.C. § 2253(a)(3); and

any property real or personal that was used or intended to be used to commit or to facilitate the commission of the offense.

The property to be forfeited to the United States includes, but is not limited to, all computer(s) and/or electronic equipment used or intended to be used to commit or to promote the commission of such offenses. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 2253, and Title 18, United States Code, Section 2428.

A TRUE BILL

Grand Jury Foreperson

8/4/21
Date

BRUCE D. BRANDLER
Acting United States Attorney

CHRISTIAN T. HAUGSBY
Assistant U.S. Attorney